The opinion of the court was delivered by
Tilghman, C. J.
The question to be decided in this cause arises out of the will of Dorothy Smith, deceased, and was submitted to the Court of Common Pleas of Delaware county on a case stated, which appears on the record'. William G. Flower, the plaintiff below, is a son of Henrietta Flower, one of the nieces of Dorothy Smith mentioned in the will; and the question is, whether he. is entitled to any thing during his mother’s life, by virtue of any devise or bequest in the said will. The testatrix being seiáed and possessed of estate, both real and personal, after giving several legacies devised as follows: “And all the rest, residue, and remainder of my estate, real, personal, and mixed, of what nature soever and wherever the same may be, I give, devise, and bequeath unto my nephew William Graham, and my nieces, Eleanor' Hoskins, Mary Hoskins, Henrietta Flower, and Catherine Robinson, and the children of my said nieces, their heirs and assigns in severalty; in the following proportions, viz. two-sixths thereof, the whole into six equal parts to be divided, unto William Graham, his heirs and assigns, for ever, one-sixth unto Eleanor Hoskins and her children, their heirs and assigns for ever, one sixth unto Mary Hoskins, and her children, their heirs and assigns for ever, one-sixth unto Henrietta Flower, and her children, their heirs and assigns for ever, and the other sixth unto Catherine Robinson and her child, their heirs and assigns for ever. And it is my will, that their shares be secured by my executor to my heirs who have husbands.”
It was contended, on the part of the defendant, that it was the intent of Mrs. Smith to give one-sixth of her estate to each of her nieces during their lives, after which the children of each niece *440 were to take equally among them the share which had been held by their mothers respectively. This is a conjecture which possibly may be right, but no such intent is expressed. On the contrary, there is a plain, direct, and immediate devise of one-sixth te each niece and her children, their heirs and assigns.
In Wild’s case, 6 Co. 17, this distinction is taken: “If A. de-. vises land to B. and to his children, or issues, and he hath not any issue at the time of the devise, the same is an estate- tail, for the intent is manifest and certain that his children, or issues, should take, and as immediate devisees they cannot take, because they are not in rerum natura, and by way of remainder they cannot take, for that was not his intent, for the gift is immediate; therefore, then, such words shall be taken as words of limitation. But if a man devises land to A. and to his children or issue, and he then has issue, there his express intent may take effect, according to the rule of the common law, and no manifest and certain intent appears to the contrary. And therefore, in such case, they shall have but a. joint estate for life.55 This is strong reasoning, and immediately applicable to the case before us. There is no intent so plainly expressed in this will as to counteract the immediate devise to each niece and her children. Some reliance has been placed on the direction given to the executor, to secure the shares of the married nieces. It is said, that it would not have been worth while to secure so small a portion as they would have been entitled to, if the children were to come in immediately. To be sure, a large sum is of more importance than a small one; but that is no reason why the small one should not be secured. Besides, where one means to give the whole to any person for life, and after the death of that person the same to be divided among -his children, it is so natural to say so, that where it is not so said, the argument is strong that it was not so intended. We must not suffer vague conjecture to prevail against plain words, even though the literal construction produces inconvenience. Wild’s case has always been held for law; and indeed that part of it which I have cited, stands upon ground not to be shaken. It is an authority which I feel no disposition to question, and, in accordance with it, I am of opinion that the children of Henrietta Flower took immediately with their mother. The judgment of the Court of Common Pleas is to be affirmed.
Judgment affirmed,